## Allum v. Nolle, Appellant.

*Contract—Payment—Premature suit—Evidence.*

In an action for goods sold and delivered it appeared that there was a written agreement between the parties by which the payment was not to be made until one year after the delivery. The plaintiff introduced evidence which tended strongly to show that subsequently defendant agreed to pay a certain amount on delivery and the balance in thirty, sixty and ninety days, in consideration of the plaintiff not charging him for certain extra hauling which the plaintiff had done. Suit was brought after the expiration of ninety days, but before the expiration of the year. Defendant claimed that the suit was prematurely brought. The whole case was submitted to the jury. *Held*, that a verdict and judgment for plaintiff should be sustained.

Argued April 12, 1904. Appeal, No. 2, April T., 1904, by defendant, from judgment of C. P. No. 3, Allegheny Co., Nov. T., 1901, No. 617, on verdict for plaintiff in case of Charles Allum v. Charles Nolle. Before RICE, P. J., BEAVER, SMITH, PORTER, MORRISON and HENDERSON, JJ. Affirmed.

Assumpsit for goods sold and delivered. Before KENNEDY, P. J.

The facts appear by the opinion of the Superior Court.

Defendant presented these points :

2. That the written agreement together with the contemporaneous oral agreement constitute one entire contract, and no part of it can be taken as complete, until the whole is done. *Answer :* This point is affirmed but you understand that the contention of the plaintiff here is that the first contract was varied as to the terms of payment, and upon the determination of that question depends this case. [1]

3. That under all the evidence the verdict should be for the defendant. *Answer :* The third point is refused. [2]

Verdict and judgment for plaintiff for $450.51. Defendant appealed.

*Errors assigned* were (1, 2) above instructions, quoting them ; (3) refusal of new trial.

*George L. McCleary*, for appellant.

*William Hunter*, for appellee.

OPINION BY MORRISON, J., May 10, 1904 :

In this case we have given the testimony and charge of the court and the argument of the learned counsel for the appellant careful consideration, and we are surprised that the case is brought before this court for review.

The parties agree that on April 10, 1901, the plaintiff sold and the defendant purchased from him a quantity of bar fixtures to be delivered and set up on the premises of the defendant at 52d and Butler streets, Pittsburg. The contract price was $575, and the contract was in writing as to the articles to be delivered and the price, but it was entirely silent as to the terms of payment except the following :

" Received on account of this contract $25. Charles Allum.

" Charles Allum agrees to give $475 at the end of one year and to leave $100 stand as guaranty contract. Charles Allum."

The parties agree that there was an oral arrangement as to the terms of payment, and that in substance the appellant was to have the privilege of paying $100 cash on delivery of the goods, and use them for one year, and if he so desired the plaintiff would then take back the fixtures in consideration of the $100 and cancel his claim for the $475. In pursuance of this arrangement the plaintiff manufactured the fixtures and sent them to the place of business of the defendant, but the defendant not being prepared to receive them the plaintiff was compelled to haul them back to his warehouse and retain them until further orders. While the fixtures remained in the plaintiff's wareroom the defendant called to see him, and the plaintiff alleges that a new arrangement was then made in regard to the payment for the fixtures ; that in consideration of the plaintiff not charging the defendant for delivering the fixtures and returning them to the storehouse and redelivering the same, the defendant agreed to pay for the same in thirty, sixty and ninety days, and to pay $100 as soon as the fixtures should be delivered. To this the plaintiff consented and agreed not to charge anything for the extra hauling. The plaintiff avers that he again delivered the fixtures and set them up in accordance with the agreement, and the defendant paid him $100 in addition to the $25.00 previously paid. This suit was

brought on November 1, 1901, and there was a recovery for the full balance of the purchase price with interest, less $31.00 deducted for some small deficiencies. At the trial the real contention, on the part of the defendant, was that the suit was prematurely brought, and that the money would not be due until one year from the date of the contract, and the defendant alleged surprise at the plaintiff's testimony and that of his witness, J. H. McCloskey, to the effect that the purchase price of the fixtures was due and payable in thirty, sixty and ninety days from the date of the second delivery, and that the sale and delivery was then absolute. We are at a loss to understand how the defendant could be surprised at this testimony, as the plaintiff's declaration plainly notified him that the money was due before the bringing of the suit. Upon this branch of the case the weight of the testimony is strongly on the plaintiff's side, and we cannot see how the learned court could have submitted the case to the jury in any more favorable light for the defendant than was done. There was no question in dispute between the parties in regard to the indebtedness of the defendant to the plaintiff, and the amount thereof if the sale and delivery was absolute. But the real question was as to whether the money was due at the time the suit was commenced. This question was fairly and carefully submitted to the jury, and on ample evidence they found it in favor of the plaintiff, and, therefore, the verdict and judgment must be accepted as correct. Under the evidence we discover nothing in the assignments of error requiring discussion, and the last assignment that the Court erred in overruling defendant's motion for a new trial is entirely without merit. A most careful consideration of the evidence and the charge of the court does not disclose to us any reason whatever why complaint should be made of the refusal of a new trial.

The assignments of error are all overruled and the judgment is affirmed.